# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| TRACY M. MARION | CIVIL ACTION NO. 06-0674 |
| VS. | SECTION P |
| JOHNNY SUMLIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about April 20, 2006, by *pro se* petitioner Tracy M. Marion. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Union Parish Detention Center, Farmerville, Louisiana where he is serving a twenty year sentence imposed following his 2002 conviction for indecent behavior with a juvenile (La. R.S.14:81) and his subsequent adjudication as an habitual felony offender (La. R.S.15:529.1) in the Fifth Judicial District Court, Richland Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On November 12, 2002, petitioner, who had waived his right to trial by jury, was found guilty as charged of one count of indecent behavior with a juvenile. On January 8, 2003, petitioner was sentenced to serve seven years at hard labor. On the same date, the State filed an habitual offender bill charging petitioner as a fourth felony offender. Petitioner pled not guilty.

1

On May 21, 2003, petitioner pled guilty to the habitual offender bill and in accordance with a plea agreement, was sentenced to the agreed upon sentence of twenty years at hard labor. [see doc. 1-3, p. 27]

Petitioner apparently did not appeal his conviction, adjudication, or sentence. On November 5, 2003, he filed an Application for Post-Conviction Relief in the Fifth Judicial District Court raising three claims for relief:

> Claim I – The conviction was obtained in violation of the constitution of the United States and the State of Louisiana; the Bill of Information was fatally defective where it did not inform the accused in which way he was charged with having committed the offense of indecent behavior of [sic] a juvenile.
>
> Claim II – The evidence was insufficient to convict the defendant of the charge of indecent behavior with a juvenile in violation of the U.S. Constitution and the Louisiana Constitution.
>
> Claim III – The trial court erred in allowing the state to introduce inculpatory statements, allegedly made by the defendant, which had not been furnished to counsel prior to trial in violation of the U.S. Constitution and the Louisiana Constitution's right to a fair trial. [doc. 1-3, p. 4]

On February 15, 2005 the district court convened an evidentiary hearing on the application. During the course of the hearing, the trial court addressed the merits of each claim as follows:

With respect to the first claim, the court noted,

> I have reviewed the bill of information and do find that it does meet the statutory requirements for informing the defendant of the nature of the charge. And so the claim number one will be dismissed. [doc. 1-3, p. 17]

As to the second claim, the court found,

2

> I was the judge who heard this case. It was tried by me without a jury at the request and the election of the defendant. I did hear all of the testimony. I decided at that point that the state had proven its case beyond a reasonable doubt. My mind has not changed. I find nothing in the argument of the defendant to sway my opinion. So the second claim will be dismissed. [*id*., p. 18]

Regarding the third claim the court noted,

> I have reviewed the law on this matter and the 768 notice is not required to be given by that [sic] state to the defense when you have a bench trial. It's only in a jury trial that the Article 768 of the Louisiana Code of Criminal Procedure is required. And also, after reviewing the entire file including my memory of the trial, and of the objection that was made pertinent hereto, I find that this claim also has no merit. And so that claim will be dismissed. [*id*., pp. 20-21]

On or about March 22, 2005 petitioner filed a writ application in the Second Circuit Court of Appeals. [doc. 1-3, pp. 24-27] Petitioner argued the same claims raised in his application for post-conviction relief. [*id*., p. 27]

On May 5, 2005, the Second Circuit Court of Appeals denied writs and mailed notice of the judgment to the petitioner. [doc. 1-3, pp. 28-30] The court held:

> The applicant has failed to show that the trial court erred in denying his claim that there was insufficient evidence to support the conviction for indecent behavior with a juvenile. The conviction was based on the victim's testimony. Our jurisprudence has consistently held that the victim's testimony alone is sufficient to support a conviction without medical evidence. See *State v. Ellis*, 38,740 (La. App. 2d Cir. 8/18/2004), 880 So.2d 214. Thus, the claim of ineffective assistance of counsel also lacks merit.
>
> This court further finds that the applicant has not shown that the bill of information was defective. However, even if it had been defective, under the rationale in *State v. Shelton*, 545 So.2d 1285 (La. App. 2d Cir. 1989), *writ denied*, 552 So.2d 377 (La. 1989), he has failed to show how this prejudiced the defense.

3

> We also find that the trial court did not err in allowing the applicant's statements to be used in the bench trial. See *State v. Ruiz*, 437 So.2d 300 (La. App. 2d Cir. 1983), *writs denied*, 438 So.2d 567 (La. 1983), and 440 So.2d 763 (La. 1983).
>
> The petitioner in an application for post-conviction relief shall have the burden of proving that relief should not be granted. La. C.Cr.P. art. 930.2; *State v. Berry*, 430 So.2d 1005 (La. 1983). Thus, this writ is denied. *State of Louisiana v. Tracy Marion*, No. 40091-KH (La. App. 2d Cir. 5/5/2005) (unpublished). [See doc. 1-3, pp. 29-30]

On May 31, 2005, petitioner filed an Application for Supervisory Writs in the Louisiana Supreme Court. Petitioner raised a single claim for relief – "Petitioner avers that the District Court and the Court of Appeal was (sic) in error when it denied his application for post-conviction due to a defective bill of information." [doc. 1-3, pp. 31-36]

On March 24, 2006, the Supreme Court denied writs. *State ex rel. Tracy Marion v. State of Louisiana*, 2005-1854 (La. 3/24/2006), ___ So.2d ___, 2006 WL 1097843. [doc. 1-3, p. 37]

Petitioner filed his *habeas corpus* petition on April 20, 2006, and raised three claims for relief:

> Ground One: The conviction was obtained in violation of the Constitution of the United States and the State of Louisiana; the Bill of Information was defective. The crime of indecent behavior with a juvenile could be committed either by the commission of a lewd or lascivious act upon the person or by the commission of a lewd or lascivious act in the presence of any child under the age of 17. The bill of information charged none of the essential elements of the crime.
>
> Ground Two: The evidence was insufficient to convict the defendant of the charge of indecent behavior with a juvenile in violation of the U.S. Constitution and the Louisiana Constitution.
>
> Ground Three: The trial court erred in allowing the state to introduce inculpatory statements allegedly made by the defendant

4

which had not been furnished to counsel prior trial in violation of the U.S. Constitution and Louisiana Constitution's right to a fair trial. [doc. 1-1, paragraphs 12 A, B, and C]

## LAW AND ANALYSIS

### 1. Exhaustion of State Court Remedies

28 U.S.C. §2254 states, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that –</u>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*       \*       \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be

inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has raised three claims for relief in his federal *habeas corpus* petition and these claims may be summarized as follows: (1) petitioner was convicted on the basis of a defective bill of information; (2) the evidence was insufficient to support petitioner's conviction; and, (3) the trial court erred when it allowed an inculpatory statement to be introduced into evidence. [doc. 1-1, pp. 4-5] Petitioner raised these same claims in his Application for Post-Conviction Relief in the Fifth Judicial District Court [doc. 1-3, p. 4], and in his application for supervisory writs in the Second Circuit Court of Appeals. [doc. 1-3, p. 27] However, as shown above, petitioner raised only the defective bill of information claim in his application for writs in

Louisiana's Supreme Court. [doc. 1-3, pp. 35-36] Since his sufficiency of evidence claim and his inculpatory statement claim were not argued in the Louisiana Supreme Court, those claims were not properly exhausted as required by §2254(b)(1)(A).

2. "Technically Exhausted" but Procedurally Defaulted Claims

A *habeas corpus* petition that includes both exhausted and unexhausted claims is called a "mixed petition." Federal courts are authorized to dismiss such mixed petitions. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir.1978) (en banc).

While petitioner's sufficiency of evidence and inculpatory statement claims are un-exhausted, they could be said to be "technically exhausted" since petitioner cannot now litigate those claims in the Louisiana courts.[1] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c).

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

It is reasonable to conclude that petitioner is now unable to pursue Grounds Two and Three in the courts of Louisiana. Therefore, these claims have been defaulted. See *Steele v.*

---

[1] Petitioner could not now raise these claims in the Louisiana Supreme Court. Supreme Court Rule X, §5(a) provides: "<u>An application seeking to review a judgment of the court of appeal</u> ... shall be made within <u>thirty days</u> of the mailing of the notice of the original judgment of the court of appeal... <u>No extension of time therefor will be granted</u>." (Emphasis supplied) Nor could he commence the post-conviction process anew in the district court. La. C.Cr.P. art. 930.4(D) provides, "A successive application may be dismissed if it fails to raise a new or different claim."

*Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

### 3. Cause and Prejudice or Actual Innocence

The procedural default bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new

8

evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner offers no such evidence of actual innocence and instead merely argues that the victim's trial testimony is not worthy of belief.

In order for a *habeas* petitioner to avoid a procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can only fault himself for his failure to include all of his post-conviction claims in his writ application to the Louisiana Supreme Court.

In any event, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Supreme Court would have ruled favorably on his sufficiency of evidence and inculpatory statement claims.[2]

---

[2] As noted by the Second Circuit, under Louisiana law, the testimony of the victim alone, without corroborating scientific evidence, is sufficient to support a conviction. *State v. Ellis*, 38,740 (La. App. 2d Cir. 8/18/2004), 880 So.2d 214 (cited by the Court); See also *State v. Robinson*, 02-1869 (La.4/14/04), 874 So.2d 66, 79, *cert. denied*, 543 U.S. 1023, 125 S.Ct. 658, 160 L.Ed.2d 499 (2004; *State v. Hotoph*, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1045, *writ denied*, 99-3477 (La.6/30/00), 765 So.2d 1062 and *writ denied*, 00-0150 (La.6/30/00), 765 So.2d 106; *State v. Tapps*, 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1001, *writ denied*, 02-2921 (La.4/21/03), 841 So.2d 789; *State v. Harris*, 01-2730, p. 41 (La.1/19/05), 892 So.2d 1238, 1261 citing, *State v. Davis*, 02-1043, p. 4 (La.6/27/03), 848 So.2d 557, 559; *State v. Hills*, 99-1750, p. 8 n. 8 (La.5/16/00), 761 So.2d 516, 522 n. 8.

9

In short, the *habeas corpus* claims presented in Ground Two (sufficiency of the evidence) and Ground Three (admissibility of inculpatory statement) were not properly exhausted because these claims were not litigated in the Louisiana Supreme Court. These claims, however, are now technically exhausted since petitioner cannot now litigate these claims in the courts of Louisiana. These technically exhausted claims are now procedurally defaulted and since petitioner can show neither cause nor prejudice nor actual innocence, these claims should be dismissed with prejudice as procedurally defaulted.

### 4. Petitioner's Exhausted Claim

It does appear that Ground One, the defective bill of information claim, has been fully exhausted since this claim was litigated in a procedurally correct manner in the district court, the court of appeals, and, in the Louisiana Supreme Court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be

---

Further, as also noted by the court, under Louisiana law the defendant is not entitled to the pre-trial notice provided by La. C.Cr.P. art. 768 in a bench trial. *State v. Ruiz*, 437 So.2d 330 (La. App. 2d Cir. 1983), *writs denied*, 438 So.2d 567 (La. 1983), and 440 So. 2d 763 (La. 1983), citing *State v. Korman*, 397 So.2d 1346 (La.1981); *State v. Himel*, 260 La. 949, 257 So.2d 670 (1972).

placed on the respondent by ordering an unnecessary answer."

Petitioner's defective bill of information claim is ripe for dismissal under Rule 4. The sufficiency of a bill of information is not a matter for federal *habeas corpus* relief unless it can be shown that the instrument is so defective that it deprives the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *reh'g granted* in part on other grounds *sub nom.*, *Williams v. Collins*, 12 F.3d 70 (5th Cir.1994) (*per curiam*). The United States Fifth Circuit Court of Appeals has observed that the sufficiency of a state charging instrument is fatally defective only when there are no circumstances under which there could be a valid conviction based on that instrument, and that "determination can be made only by looking to the law of the state." *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984) (internal quotation marks omitted) (emphasis in original).

The bill in question charged petitioner with a violation of La. R.S.14:81 and stated in part that the petitioner,

> ... in the Parish of Richland, and within the jurisdiction of the Fifth Judicial Court, in and for the Parish of Richland, said State, did willfully and unlawfully violate Louisiana Revised Statutes, to wit:
>
> 14:81 Indecent Behavior with a Juvenile by engaging in prohibited acts with K.R., d.o.b. 07/24/90, a juvenile under the age of seventeen, on or about February 27, 2002,
>
> contrary to the laws of the State of Louisiana and against the peace and dignity of the same. See doc. 1-3, p. 38

Petitioner contends that the bill of information was defective because it did not specify whether the lewd and lascivious acts alleged were committed <u>upon</u> the juvenile or<u> in her presence</u>. Petitioner is correct; the bill was technically defective under Louisiana law, but

11

Louisiana law also provides "A defendant may not complain of technical insufficiency in an indictment or bill of information for the first time after conviction, when the defendant is fairly informed of the charge against him and there is no prejudice caused by the defect." *State v. Ellis*, 38,740 (La.App. 2 Cir. 8/18/04), 880 So.2d 214, 218.

Therefore, even if the bill of information was defective as petitioner alleges, the defect is not one of such magnitude to deprive the trial court of jurisdiction and so cannot be the basis for federal relief.

Further, where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied*, 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir.1985). Both the trial court and the Second Circuit Court of Appeals ruled that the bill of information was sufficient under Louisiana law.

Finally, 28 U.S.C. § 2254(d) provides that an application for a writ of *habeas corpus* "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See *Williams v. Taylor*, 529 U.S. 362, 402-413 (2000); *Childress v. Johnson*, 103 F.3d at 1224-1225. This statute mandates deference to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir.2002).

A state court decision is "contrary to" the Supreme Court's clearly established law if it

"applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams v. Taylor*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal *habeas corpus* court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. at 411. Rather, that application must be <u>objectively</u> unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir1998) (internal quotation marks and citations omitted).

Here, petitioner has not shown, nor can he, that the state court judgments were wrong, much less unreasonable. Therefore, the claim raised in Ground One of the petition for writ of habeas corpus should be denied and summarily dismissed in accordance with the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Ground Two and Ground Three of the petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as procedurally defaulted;

**IT IS FURTHER RECOMMENDED** that Ground One of the petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22nd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE